IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>MARCO ANTONIO RODRIGUEZ-AGUILAR,<br><br>  Defendant. | Case No. 3:14-CR-30181-NJR-20 |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Defendant Marco Antonio Rodriguez-Aguilar has filed a *pro se* Motion for Reduction of Sentence Pursuant to § 3582(c)(2) and Amendments Set Out in First Step Act. (Doc. 860). Rodriguez-Aguilar is serving a 120-month sentence for conspiracy to distribute and possession with intent to distribute controlled substances and for distribution of methamphetamine. (Doc. 732). His anticipated release date is February 20, 2025.[1]

In his motion, Rodriguez-Aguilar states that he is a deportable alien and, thus, he is ineligible for six months of home confinement under 18 U.S.C. § 3624(c)(2), as amended by § 602 of the First Step Act of 2018. As such, he asks the Court to release him six months earlier to the custody of U.S. Immigration and Customs Enforcement ("ICE"). Rodriguez-Aguilar argues a reduction in his sentence is authorized by § 603 of the First Step Act, which is codified at 18 U.S.C. § 3582(c)(1)(A).[2]

---

[1] *See* https://www.bop.gov/inmateloc/ (last visited May 17, 2023).
[2] Rodriguez-Aguilar references 18 U.S.C. § 3582(c)(2), but that subsection of the statute only applies to defendants who have been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. Because that provision is not applicable here, the Court construes Rodriguez-Aguilar's *pro se* motion to invoke 18 U.S.C. § 3582(c)(1)(A).

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under 18 U.S.C. § 3582(c)(1)(A), however, a court "may reduce the term of imprisonment" . . . "after considering the factors set forth in section 3553(a) to the extent that they are applicable," if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

Here, Rodriguez-Aguilar argues the factors that warrant a sentence reduction are his age (54), the fact that he is separated from his family in Mexico, and the cost that his imprisonment is costing the United States. However, nearly 20 percent of all BOP inmates are over the age of 50,[3] everyone in prison is separated from their family, and the United States spends thousands of dollars each year to house every BOP inmate. These are not "extraordinary and compelling" reasons warranting a six-month sentence reduction.

Because Rodriguez-Aguilar has not presented any "extraordinary and compelling" circumstances that would allow the Court to reduce his sentence, the Court need not address the § 3553(a) sentencing factors.

For these reasons, the Motion for Reduction of Sentence Pursuant to § 3582(c)(2) and Amendments Set Out in First Step Act filed by Defendant Marco Antonio Rodriguez-Aguilar (Doc. 860) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:**   May 22, 2023

*(signature: Nancy J. Rosenstengel)*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

---

[3] *See* https://www.bop.gov/about/statistics/statistics_inmate_age.jsp (last visited May 17, 2023).